UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To: All Actions | PRETRIAL ORDER NO. 1: Establishing Procedures |

The Judicial Panel on Multidistrict Litigation ("JPML") has transferred actions in the above-captioned matter to this Court pursuant to 28 U.S.C. § 1407 for coordinated and consolidated pretrial proceedings.

The Court will hold regularly scheduled status conferences. The Court will issue a separate order scheduling the first pretrial conference for a date in February 2016 and setting an agenda for that conference. Pending that pretrial conference, the Court hereby enters the following Order:

**1.      CONSOLIDATION AND APPLICABILITY OF THIS ORDER.**

Any actions filed, whether filed directly in the United States District Court for the District of Minnesota or in any other United States District Court (whether by original filing or removal), that are related to this litigation are hereby consolidated into one action (the "Consolidated Action") for all pretrial purposes, pursuant to Rule 42 of the Federal Rules of Civil Procedure and the JPML Order of December 11, 2015 [Dkt. No. 1], under 28 U.S.C. § 1407(a). Any "tag-along" actions later filed in, removed to or transferred to this Court, or directly filed in the District of Minnesota, will automatically be consolidated with this Consolidated Action without the necessity of future motions or orders. All related actions that are filed in, removed to or transferred to this Court as part of this Consolidated Action are referred to hereafter as the "Cases."

The Cases are consolidated for pretrial purposes only.  This consolidation, however, does not constitute a determination that the Cases should be consolidated for trial, nor does it have the effect of making any person or entity a party to any action in which he, she or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

The provisions of this Order, and any subsequent orders establishing new procedures or amending the established procedures, shall govern the practice and procedure in the Cases.  It automatically applies to any Cases that are subsequently transferred to, removed to, or initiated in this Court, without the necessity of future motions or order.

**2.    LIST OF AFFILIATED COMPANIES AND COUNSEL.**

To assist the Court in identifying any issues or matters of recusal or disqualification, counsel will submit to the Court, within 30 days of receipt of this Order, a list of all companies affiliated with the parties and all counsel associated in the Consolidated Action.

**3.    SERVICE.**

Prior to the initial pretrial conference, service of all papers relating to the initial conference shall be made on counsel of record appearing in the Cases.  The docket is the official record of the service list.  Counsel are responsible for assuring service of this Order and all future documents on opposing *pro se* parties.  This paragraph does not pertain to or alter the requirements for service of process of any summons and/or complaint.

**4.    STAY OF DISCOVERY.**

Pending the initial conference and further orders of this Court, all outstanding discovery proceedings in the Cases are stayed, and no further discovery in the Cases shall be initiated.

5.     **PREVIOUS ORDERS.**

Any orders, including protective orders, previously entered by this Court or any transferor court, shall remain in full effect unless modified by this Court, with the exception of any transferor court orders imposing pleadings or discovery deadlines, which are hereby vacated.

6.     **MASTER DOCKET FILE.**

The Clerk of Court will maintain a master docket case under the style "In Re: Bair Hugger Forced Air Warming Devices Products Liability Litigation" and the identification "MDL No. 15-2666." All papers filed in these Cases shall bear the identification "MDL No. 15-2666." When a pleading is intended to be applicable to all Cases, this shall be indicated by the words: "This Document Relates to ALL ACTIONS" and shall be filed electronically in 15-md-2666. When a pleading is intended to apply to less than all cases, this Court's civil action number for each individual case to which the document(s) relate(s) shall appear immediately after the words: "This Document Relates to . . ." and shall be filed electronically in each member case to which the document(s) applied. The following is a sample of the pleading style:

> In re: BAIR HUGGER FORCED AIR                MDL No. 15-2666 (JNE/FLN)
> WARMING DEVICES PRODUCTS
> LIABILITY LITIGATION
>
> This Document Relates To: . . .

7.     **FILING.**

Any pleading or paper filed in any of the Cases shall be filed with the Clerk of this Court and not with the transferor district court.

Any pleading or paper shall be filed electronically according to this District's ECF Civil Manual For New Users and Civil ECF Procedures Guide, available at http://www.mnd.uscourts.gov/cmecf/reference_guides.shtml.  The only exception to the electronic filing requirement applies to "initiating documents" (*e.g.*, original complaints, notices

of removal). Initiating documents, together with a civil cover sheet and the filing fee, shall be submitted to the United States District Court for the District of Minnesota Clerk's Office for filing. The Clerk's office accepts initiating documents delivered to it in person or by U.S. Mail (*see* the "Initiating a new civil case" link at the website listed above).

All orders pleadings, motions, and other documents that relate to an individual case shall be filed in both MDL No. 15-2666 (JNE/FLN) and the individual case. Documents relating to all Cases shall be filed only in MDL No. 15-2666 (JNE/FLN).

**8.     DOCKETING.**

When an action that properly belongs as a part of the Consolidated Action is filed in the District of Minnesota or transferred here from another court, the Clerk of this Court shall:

   a.    File a copy of this Order in the separate file for such action, and

   b.    Make an appropriate entry on the master docket sheet.

**9.     ADMISSION OF COUNSEL AND APPEARANCES.**

Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this Consolidated Action. Association of local co-counsel is not required. Counsel in a newly filed or transferred action shall complete (1) the MDL Registration Form, and (2) the Notice of Appearance form available at http://www.mnd.uscourts.gov/FORMS/court_forms.shtml#attorneyforms. After completing the MDL Registration Form, counsel will receive a CM/ECF log-in enabling them to electronically file the Notice after applying for Multi-District Admission through his or her individual account. Except as provided herein, the requirements of Local Rule 83.5(d) are hereby waived.

Each lawyer shall indicate the Court(s) before which he or she is admitted in a page included as an attachment to the complaint labeled "List of United States Federal Courts to

which Counsel for Plaintiff is Admitted" and which shall be signed and dated by counsel under the statement, "I hereby certify that I am admitted to the preceding United States District Court(s) and that I have not been disbarred or suspended from practice before any of these Courts or any other United States District Court."  In the event that counsel has been disbarred or suspended from practice before any United States District Court, counsel shall set forth in the attachment the circumstances of such disbarment or suspension from practice.

All counsel are expected to familiarize themselves with Federal Rules of Civil Procedure, the Local Rules for the District of Minnesota, and the American Bar Association's *Civil Discovery Standards*, as well as *The Manual for Complex Litigation 4th* (Federal Judicial Center 2004), which may serve as a resource in the case management of this litigation.

**10.   PRESERVATION OF EVIDENCE.**

Each party shall preserve all documents and other records, including electronic information, containing information potentially relevant to the subject matter of this litigation. Each party shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the Court's permission to conduct the test.

**11.   LEADERSHIP STRUCTURE.**

Prior to the initial conference, plaintiffs' counsel and defendants' counsel shall, to the extent they have not already done so, confer and seek consensus on recommendations for the leadership structure for this litigation.  Recommendations should be submitted to the Court, together with each nominee's resume or curriculum vitae, educational background, licensing status, a short list of relevant experience with cases in similar areas, a brief overview of the resources the counsel has available to contribute to the litigation, and a certificate of good

standing from the highest court from the individuals' jurisdiction. These recommendations should not be filed with the Clerk of Court, but instead should be submitted to the Court via email no later than fifteen days prior to the initial conference. Counsel who intend to seek a leadership position must attend the initial conference.

**12.    COMMUNICATIONS WITH THE COURT.**

Unless otherwise ordered, counsel must communicate with the Court in writing, with courtesy copies to all counsel. Communications with the Court and submissions which are not to be filed with the Clerk may be sent to joanericksen_chambers@mnd.uscourts.gov.

The Court DIRECTS the Clerk to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation and counsel of record.

**13.    OFFICIAL COURT WEBSITE.**

The Court has created and will maintain a web page devoted to the Bair Hugger Forced Air Warming Devices Products Liability Litigation, which can be found at http://www.mnd.uscourts.gov/MDL-Bair-Hugger/index.shtml. Through this website, parties may access orders; minutes; the calendar; transcripts; forms used in this MDL; contact information for the Court's staff, plaintiffs' Lead and Liaison Counsel (once appointed), and defendants' counsel; frequently asked questions; and agendas and reports. Plaintiffs' Lead and Liaison Counsel and defendants' counsel shall confer with the Court regarding the content of the website.

Dated: January 13, 2016                                          s/ Joan N. Ericksen
                                                                                    JOAN N. ERICKSEN
                                                                                    United States District Judge